EXHIBIT "A"

AlaFile E-Notice

02-CV-2025-900048.00

To: Derek CHRISTOPHER SCOTT ROSE
drose@cwalawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PHILIP R WILLIAMS V. WALMART, INC.
02-CV-2025-900048.00

The following complaint was FILED on 1/6/2025 3:04:30 PM

Notice Date: 1/6/2025 3:04:30 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET 9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420

EXHIBIT "A"

DOCUMENT 1

ELECTRONICALLY FILED
1/6/2025 3:04 PM
02-CV-2025-900048.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93 Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas...<br>02...<br>Date of Filing: 01/06/2025<br>Judge Code: |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**PHILIP R WILLIAMS v. WALMART, INC.**

**First Plaintiff:** [ ] Business [x] Individual [ ] Government [ ] Other

**First Defendant:** [x] Business [ ] Individual [ ] Government [ ] Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- [ ] WDEA - Wrongful Death
- [x] TONG - Negligence: General
- [ ] TOMV - Negligence: Motor Vehicle
- [ ] TOWA - Wantonness
- [ ] TOPL - Product Liability/AEMLD
- [ ] TOMM - Malpractice-Medical
- [ ] TOLM - Malpractice-Legal
- [ ] TOOM - Malpractice-Other
- [ ] TBFM - Fraud/Bad Faith/Misrepresentation
- [ ] TOXX - Other: ____________

**TORTS: PERSONAL INJURY**
- [ ] TOPE - Personal Property
- [ ] TORE - Real Property

**OTHER CIVIL FILINGS**
- [ ] ABAN - Abandoned Automobile
- [ ] ACCT - Account & Nonmortgage
- [ ] APAA - Administrative Agency Appeal
- [ ] ADPA - Administrative Procedure Act
- [ ] ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- [ ] MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- [ ] CVRT - Civil Rights
- [ ] COND - Condemnation/Eminent Domain/Right-of-Way
- [ ] CTMP - Contempt of Court
- [ ] CONT - Contract/Ejectment/Writ of Seizure
- [ ] TOCN - Conversion
- [ ] EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- [ ] CVUD - Eviction Appeal/Unlawful Detainer
- [ ] FORJ - Foreign Judgment
- [ ] FORF - Fruits of Crime Forfeiture
- [ ] MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- [ ] PFAB - Protection From Abuse
- [ ] EPFA - Elder Protection From Abuse
- [ ] QTLB - Quiet Title Land Bank
- [ ] FELA - Railroad/Seaman (FELA)
- [ ] RPRO - Real Property
- [ ] WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- [ ] COMP - Workers' Compensation
- [ ] CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F [x] **INITIAL FILING** A [ ] **APPEAL FROM DISTRICT COURT** O [ ] **OTHER**
R [ ] **REMANDED** T [ ] **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** [ ] **YES** [x] **NO**
**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** [x] **MONETARY AWARD REQUESTED** [ ] **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**
ROS040

1/6/2025 3:04:27 PM
Date

/s/ Derek CHRISTOPHER SCOTT R
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** [ ] **YES** [ ] **NO** [x] **UNDECIDED**

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** [ ] **YES** [x] **NO**

EXHIBIT "A"

DOCUMENT 2

ELECTRONICALLY FILED
1/6/2025 3:04 PM
02-CV-2025-900048.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY,**

| | | |
|---|---|---|
| **PHILIP WILLIAMS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:________________** |
| | ) | |
| **WALMART, INC., and Fictious Parties A, B, C, D, and/or E, being those parties, persons, institutions, corporations, entities, and/or anyone else who are the subject of this lawsuit and/or who are responsible for the premises in question, whose names and legal identities are unknown to the Plaintiff at this time but which will be substituted by amendment when ascertained, jointly and severally, for the incident that occurred January 8, 2023.** | ) | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Comes now the Plaintiff, PHILIP WILLIAMS ("MR. WILLIAMS") by and through his attorneys, for his complaint against the Defendants, WALMART, INC., ("WALMART") and Fictitious Parties A, B, C, D, and/or E, and in support thereof, submits the following:

## JURISDICTIONAL PREAMBLE

1. The Plaintiff, PHILIP WILLIAMS is a resident of Mobile County, Alabama, and was at all times relevant hereto.

2. The Defendant, WALMART, INC., is a Foreign Corporation, registered to do business in Alabama and operates a store at 685 Schillinger Road South, Mobile, Alabama 36695.

3. FICTITIOUS DEFENDANTS A, B, C, D, and/or E whether singular or plural, are those persons, firms, companies or entities whose wrongful conduct caused or

contributed to cause the injuries and damages to Plaintiff, all whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

4. The Circuit Court of Mobile County, Alabama, has jurisdiction over this matter pursuant to the laws and rules of the State of Alabama.

**FACTS**

5. On or about January 8, 2023, MR. WILLIAMS entered WALMART on Schillinger Road in Mobile, Alabama.

6. MR. WILLIAMS went to the deli section of the store to purchase food items.

7. MR. WILLIAMS walked up to the counter of the deli and as he turned to walk away from the deli counter his foot got caught on the leg of the metal rack in front of the deli counter and caused him to fall to the floor.

8. MR. WILLIAMS suffered bodily injuries as a result of his fall.

9. As a result of Defendants' extreme carelessness and utter disregard for the safety of its customers, PHILIP WILLIAMS suffered serious and lasting injuries.

**COUNT I (NEGLIGENCE)**

10. Plaintiff PHILIP WILLIAMS adopts and incorporates by reference paragraphs 1-9 above, as fully set forth herein.

11. Defendants, WALMART, INC., and/or fictitious defendants, A, B, C, and D, failed to use reasonable care and diligence to keep the premises in safe condition.

12. Defendants were negligent in one or more of the following ways:

a. Defendants negligently failed to provide a safe area for ordering and receiving food at the deli counter;

b. Defendants negligently failed to provide warning signs identifying a trip hazard from the metal racks placed in front of the deli counter;

c. Defendants negligently created a dangerous hazard by placing metal racks in front of the deli counter where customers would order and receive food creating a tripping hazard.

13. As a result of the Defendants' negligence, Plaintiff was caused to suffer bodily injury, incur medical bills, endure pain and suffering and mental anguish.

WHEREFORE, the premises considered, the plaintiff demands special and general damages in excess of this court's minimum jurisdictional limit. Plaintiff demands such other and different relief to which she may be entitled in equity or at law.

**COUNT II (NEGLIGENT FAILURE TO WARN)**

14. Plaintiff PHILIP WILLIAMS adopts and incorporates by reference paragraphs 1-12 above, as fully set forth herein

15. The Defendant, WALMART, INC. and/or fictitious defendants, A, B, C, and D, failed to give sufficient warning of the unsafe condition on its premises.

16. As a result of the defendants' negligence, plaintiff was caused to suffer bodily injury, incur medical bills, endure pain and suffering and mental anguish.

WHEREFORE, the premises considered, the plaintiff demands special and general damages in excess of this Court's minimum jurisdictional limit. Plaintiff demands such other and different relief to which she may be entitled in equity or at law.

**COUNT III (WANTONNESS)**

17. Plaintiff PHILIP WILLIAMS adopts and incorporates by reference paragraphs 1-15 above, as fully set forth herein

18. The Defendant, WALMART, INC. and/or fictitious defendants, A, B, C, and D, wantonly failed to use reasonable care and diligence to keep the premises in safe condition.

19. Defendants were negligent in one or more of the following ways:

d. Defendants wantonly failed to provide a safe area for ordering and receiving food at the deli counter;

e. Defendants wantonly failed to provide warning signs identifying a trip hazard from the metal racks placed in front of the deli counter;

f. Defendants wantonly created a dangerous hazard by placing metal racks in front of the deli counter where customers would order and receive food creating a tripping hazard.

20. As a result of the Defendants' wantonness, plaintiff was caused to suffer bodily injury, incur medical bills, endure pain and suffering and mental anguish.

WHEREFORE, the premises considered, the plaintiff demands special, general, and punitive damages in excess of this Court's minimum jurisdictional limit. Plaintiff demands such other and different relief to which she may be entitled in equity or at law.

**COUNT IV (WANTON FAILURE TO WARN)**

21. Plaintiff PHILIP WILLIAMS adopts and incorporates by reference paragraphs 1-18 above, as fully set forth herein

22. The defendant, WALMART, INC. and/or fictitious defendants, A, B, C, and D, wantonly failed to give sufficient warning of the unsafe condition on its premises.

23. As a result of the Defendants' wantonness, Plaintiff was caused to suffer bodily injury, incur medical bills, endure pain and suffering and mental anguish.

EXHIBIT "A"

DOCUMENT 2

WHEREFORE, the premises considered, the Plaintiff demands special, general, and punitive damages in excess of this Court's minimum jurisdictional limit. Plaintiff demands such other and different relief to which she may be entitled in equity or at law.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

ATTORNEYS FOR THE PLAINTIFF

*/s/C. RANDALL CALDWELL*
C. RANDALL CALDWELL (CAL049)
CALDWELL WENZEL & ASTHANA, P. C.
Post Office Box 2158
Foley, Alabama 36536
(251) 444-7000
rcaldwell@cwalawfirm.com

*/s/DEREK C. S. ROSE*
DEREK ROSE (ROS040)
CALDWELL WENZEL & ASTHANA, P. C.
Post Office Box 2158
Foley, Alabama 36536
(251) 444-7000
drose@cwalawfirm.com

**DEFENDANT WILL BE SERVED VIA CERTIFIED MAIL BY CLERK OF COURT AS FOLLOWS:**

WALMART, INC.
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

EXHIBIT "A"

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/14/2025
CT Log Number 548180441

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Alabama**

**FOR:** WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: WILLIAMS PHILIP // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Notice, Summons, Complaint, Cover sheet, Attachment(s), First set of Interrogatories/Request |
| **COURT/AGENCY:** | Mobile County Circuit Court of Alabama, AL<br>Case # 02CV202590004800 |
| **NATURE OF ACTION:** | Personal Injury - 01/08/2023 - 685 Schillinger Road South, Mobile, Alabama 36695 |
| **PROCESS SERVED ON:** | C T Corporation System, Montgomery, AL |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 01/14/2025 postmarked on 01/07/2025 |
| **JURISDICTION SERVED:** | Alabama |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | C. RANDALL CALDWELL<br>CALDWELL WENZEL & ASTFIANA, P. C.<br>Post Office Box 2158<br>Foley, AL 36536<br>251-444-7000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/15/2025, Expected Purge Date: 01/25/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>2 North Jackson Street<br>Suite 605<br>Montgomery, AL 36104<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

EXHIBIT "A"



disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT "A"

CERTIFIED MAIL

quadient
FIRST-CLASS MAIL
IMI
$009.78
01/07/2025 ZIP 36644
043M32207280
US POSTAGE

EXHIBIT "A"

AlaFile E-Notice

02-CV-2025-900048.00

To: W. PEMBLE DELASHMET
wpd@delmar-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PHILIP R WILLIAMS V. WALMART, INC.
02-CV-2025-900048.00

The following answer was FILED on 2/12/2025 12:33:58 PM

Notice Date: 2/12/2025 12:33:58 PM

ASHLEIGH LONG
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET 9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420

EXHIBIT "A"

DOCUMENT 8

ELECTRONICALLY FILED
2/12/2025 12:33 PM
02-CV-2025-900048.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

| | | |
|---|---|---|
| PHILIP WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 02-CV-2025-900048.00 |
| | * | |
| WALMART, INC., AND FICTIOUS PARTIES A, B, C, D, AND/OR E | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

**WALMART'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Walmart Inc., (hereinafter "Walmart") answers Plaintiff's Complaint as follows:

**JURISDICTIONAL PEAMBLE**

1. Walmart is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency but at this time admits the same.

2. Walmart Inc. admits it is a foreign corporation registered to do business in Alabama, but denies the remainder of the allegations of this paragraph.

3. As this paragraph is not directed towards Walmart, no response is necessary or required. To the extent this paragraph asserts or implies allegations against Walmart, the same are denied and strict proof thereof is demanded.

4. Walmart admits, at the present time, that this Court has jurisdiction over this matter. Walmart denies Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

## FACTS

5. Walmart admits that on January 8, 2023, Plaintiff, Phillip Williams, was present on its premises located on Schillinger Road in Mobile, Alabama.

6. Walmart is without knowledge and information sufficient to form a belief as to the purpose for Plaintiff's presence on its premises and, therefore, must deny the same and demand strict proof thereof.

7. Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning the details surrounding the alleged incident and, therefore, denies the same and demands strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

8. Walmart is without knowledge and information sufficient to form a belief as Plaintiff's injuries or damages and, therefore must deny same and demand strict proof thereof.

9. Walmart denies its conduct constituted carelessness or disregard for the safety of its customers, and further denies its conduct was the proximate or contributing cause of this incident or Plaintiff's alleged injuries and demands strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

## COUNT ONE: NEGLIGENCE

10. Walmart re-alleges and incorporates by reference its responses to the preceding paragraphs as though fully set out herein.

11. Walmart denies the allegations of this paragraph and demands strict proof thereof.

12. Walmart denies the allegations of this paragraph, including all allegations in subparts a. through c., and demands strict proof thereof.

13. Walmart denies the allegations of this paragraph and demands strict proof thereof.

Walmart denies the allegations contained in the unnumbered paragraph following paragraph 13 which begins, "WHEREFORE, premises considered", and denies Plaintiff is entitled to any recovery in this matter whatsoever.

**COUNT TWO: NEGLIGENT FAILURE TO WARN**

14. Walmart re-alleges and incorporates by reference its responses to the preceding paragraphs as though fully set out herein.

15. Walmart denies the allegations of this paragraph and demands strict proof thereof.

16. Walmart denies the allegations of this paragraph and demands strict proof thereof.

Walmart denies the allegations contained in the unnumbered paragraph following paragraph 16 which begins, "WHEREFORE, premises considered", and denies Plaintiff is entitled to any recovery in this matter whatsoever.

**COUNT THREE: WANTONNESS**

17. Walmart re-alleges and incorporates by reference its responses to the preceding paragraphs as though fully set out herein.

18. Walmart denies the allegations of this paragraph and demands strict proof thereof.

19. Walmart denies the allegations of this paragraph, including all allegations in subparts d. through f., and demands strict proof thereof.

20. Walmart denies the allegations of this paragraph and demands strict proof thereof.

Walmart denies the allegations contained in the unnumbered paragraph following paragraph 20 which begins, "WHEREFORE, premises considered", and denies Plaintiff is entitled to any recovery in this matter whatsoever.

**COUNT FOUR: WANTON FAILURE TO WARN**

21. Walmart re-alleges and incorporates by reference its responses to the preceding paragraphs as though fully set out herein.

22. Walmart denies the allegations of this paragraph and demands strict proof thereof.

23. Walmart denies the allegations of this paragraph and demands strict proof thereof.

Walmart denies the allegations contained in the unnumbered paragraph following paragraph 23 which begins, "WHEREFORE, premises considered", and denies Plaintiff is entitled to any recovery in this matter whatsoever.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against Walmart.

2. The Plaintiff was guilty of negligence that contributed to cause the injuries about which he complains, and therefore under Alabama law is not entitled to recover any damages.

3. The alleged hazard about which Plaintiff complains was open and obvious thereby obviating a duty to warn and precluding Plaintiff from recovering damages under Alabama law.

4. Walmart did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Alabama law Walmart owed Plaintiff no duty to eliminate the alleged hazard.

5. No act or omission of Walmart was the proximate cause of any injury to Plaintiff.

6. Walmart owed Plaintiff no duty as alleged.

7. Plaintiff's claims are barred, in whole or in part, because he failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

8. Plaintiff's claims are barred due to his contributory negligence.

9. Plaintiff assumed the risk associated with his actions and therefore his claims against Walmart fail.

10. Plaintiff assumed the risk of conditions present and the dangers inherent therein.

11. Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Walmart.

12. Walmart had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of his injury; therefore, Plaintiff should not recover from Walmart.

13. Plaintiff, in whole or in part, failed to mitigate his alleged damages, and therefore is precluded from recovery.

14. Walmart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

15. Walmart is entitled to the applicable Alabama statutory damages caps.

16. Walmart reserves the right to add and/or supplement its affirmative defenses as discovery in this matter has not yet begun.

19. To the extent Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of his Complaint, there is no causal relationship to these Defendants.

EXHIBIT "A"

DOCUMENT 8

20. The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because such an award under these facts would violate the defendants' right to procedural and substantive due process.

21. The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because the alleged culpability of the defendant's conduct is not so reprehensible as to warrant further additional sanctions after payment of compensatory damages.

22. Plaintiff's claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

23. Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States in each of the following separate and several ways:

a. It seeks an award of punitive damages that is vastly disproportionate to any actual harm, and thus exceeds the standards of substantive and procedural due process under the Eighth and Fourteenth Amendments of the U.S. Constitution.

b. It seeks a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution.

c. It seeks an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of

punitive damages to be awarded, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

d. It seeks punitive damages under substantive standards of liability that are vague, ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the U.S. Constitution.

e. It seeks punitive damages for conduct by the defendant which complied with all applicable statutory, regulatory, and/or administrative rules and regulations, thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

f. It seeks punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions, thus violating procedural due process under the Fifth Amendment of the U. S. Constitution.

g. It seeks joint and several punitive damages liability from defendants who are guilty of different acts and degrees of culpability, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution.

h. It would result in multiple awards of punitive damages for the same alleged acts or omissions in violation of the Fifth, Seventh, Eighth and Fourteenth Amendments of the U.S. Constitution.

i. It seeks punitive damages based, in whole or part, upon evidence of out-of-state conduct that is immaterial and/or lawful in the jurisdiction where it occurred, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

j. It seeks punitive damages based, in whole or part, upon improper character evidence consisting of other alleged misconduct that is dissimilar and/or immaterial to the conduct

that harmed the plaintiff, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

k. It seeks punitive damages based, in whole or part, upon the financial status of the defendant, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, and the Equal Protection Clause of the Fourteenth Amendment.

l. It seeks punitive damages based, in whole or part, upon hypothetical evidence of other similar claims, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

m. The applicable state law does not provide fair notice of the conduct that will subject the defendant to punishment, nor a reasonable limitation on the degree of punishment, nor fair notice of the severity of punishment for the alleged misconduct, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

n. The plaintiff's claim improperly seeks to justify an award of punitive damages based on a profit-removal theory that is based on the removal of each dollar of profit made by the defendant from other alleged similar acts of misconduct, thus violating the Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

o. The applicable state law fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution.

24. Plaintiff's claims are barred by the applicable statute of limitations.

25. Walmart reserves the right to add and/or supplement its affirmative defenses as discovery in this matter has not yet begun.

EXHIBIT "A"

DOCUMENT 8

**WALMART DEMANDS TRIAL BY STRUCK JURY**

*/s/ W. Pemble DeLashmet*
W. PEMBLE DELASHMET (DEL 010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR 136)
ccm@delmar-law.com
MIGNON M. DELASHMET (DEL 011)
mmd@delmar-law.com
*Attorneys for Defendant Walmart Inc.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone: (251) 433-1577
Facsimile: (251) 433-7994

CERTIFICATE OF SERVICE

I hereby certify that I have on this day February 12, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

C. Randall Caldwell, Jr.
Caldwell Wenzel & Asthana, PC
P.O. Box 2158
Foley, Alabama 36536
rcalwell@caldwellwenzel.com

*/s/ W. Pemble DeLashmet*
OF COUNSEL

EXHIBIT "A"

AlaFile E-Notice

02-CV-2025-900048.00

Judge: MICHAEL P. WINDOM

To: MARCHAND CHAD CHRISTOPHER
ccm@delmar-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PHILIP R WILLIAMS V. WALMART, INC.
02-CV-2025-900048.00

The following matter was FILED on 6/11/2025 2:23:28 PM

**D001 WALMART, INC.**

NOTICE OF REMOVAL

[Filer: DELASHMET WILBUR PEMBLE]

Notice Date: 6/11/2025 2:23:28 PM

ASHLEIGH LONG
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET 9TH FLOOR, N TOWER
MOBILE, AL, 36644

251-574-8420

EXHIBIT "A"

DOCUMENT 81

ELECTRONICALLY FILED
6/11/2025 2:23 PM
02-CV-2025-900048.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

**STATE OF ALABAMA** **Revised 3/5/08**
**Unified Judicial System**
02-MOBILE ☐ **District Court** ☑ **Circuit Court**

**Cas**
CV2

PHILIP R WILLIAMS V. WALMART, INC.

## CIVIL MOTION COVER SHEET

*Name of Filing Party:* D001 - WALMART, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*
W. PEMBLE DELASHMET
PO BOX 2047
MOBILE, AL 36652
*Attorney Bar No.:* DEL010

☐ Oral Arguments Requested

### TYPE OF MOTION

**Motions Requiring Fee**

- ☐ Default Judgment ($50.00)
- ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
- ☐ Judgment on the Pleadings ($50.00)
- ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00)
- ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00)
- ☐ Summary Judgment pursuant to Rule 56($50.00)
- ☐ Motion to Intervene ($297.00)
- ☐ Other ____________________
  pursuant to Rule ____________________ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $ 0

**Motions Not Requiring Fee**

- ☐ Add Party
- ☐ Amend
- ☐ Change of Venue/Transfer
- ☐ Compel
- ☐ Consolidation
- ☐ Continue
- ☐ Deposition
- ☐ Designate a Mediator
- ☐ Judgment as a Matter of Law (during Trial)
- ☐ Disburse Funds
- ☐ Extension of Time
- ☐ In Limine
- ☐ Joinder
- ☐ More Definite Statement
- ☐ Motion to Dismiss pursuant to Rule 12(b)
- ☐ New Trial
- ☐ Objection of Exemptions Claimed
- ☐ Pendente Lite
- ☐ Plaintiff's Motion to Dismiss
- ☐ Preliminary Injunction
- ☐ Protective Order
- ☐ Quash
- ☐ Release from Stay of Execution
- ☐ Sanctions
- ☐ Sever
- ☐ Special Practice in Alabama
- ☐ Stay
- ☐ Strike
- ☐ Supplement to Pending Motion
- ☐ Vacate or Modify
- ☐ Withdraw
- ☑ Other Notice of Removal
  pursuant to Rule Notice of Removal (Subject to Filing Fee)

| | | |
|---|---|---|
| Check here if you have filed or are filing contemoraneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br>6/11/2025 2:23:03 PM | Signature of Attorney or Party<br>/s/ W. PEMBLE DELASHMET |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

EXHIBIT "A"

DOCUMENT 82

ELECTRONICALLY FILED
6/11/2025 2:23 PM
02-CV-2025-900048.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
ASHLEIGH LONG, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

| | | |
|---|---|---|
| PHILIP WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 02-CV-2025-900048.00 |
| | * | |
| WALMART, INC., AND FICTIOUS | * | |
| PARTIES A, B, C, D, AND/OR E, | * | |
| | * | |
| | * | |
| Defendants. | * | |

**NOTICE OF REMOVAL**

TO: Clerk of Circuit Court of Mobile County, AL
Ashleigh Long
205 Government Street, 9th Floor
Mobile, AL 36602

There is hereby filed with you a copy of the Notice of Removal filed by Defendant Walmart Inc. (hereinafter "Walmart"), through undersigned counsel, in the case styled "*Phillip Williams, Plaintiff v. Walmart Inc."* Civil Action No. 02-CV-2025-900048.00, and designed to remove that action to the United States District Court for the Southern District of Alabama, Southern Division. This Notice of Removal was sent for filing in the United States District Court for the Southern District of Alabama, Southern Division, on the June 11, 2025.

Written notice of the filing of said Notice of Removal was given to the attorneys of record for plaintiff herein by service via U.S. mail on the June 11, 2025, and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Mobile County, Alabama,

effects removal of said cause to the United States District Court for the Southern District of Alabama, Southern Division.

DATED this June 11, 2025.

*/s/ W. Pemble DeLashmet*
W. PEMBLE DELASHMET DEL010
wpd@delmar-law.com
CHAD C. MARCHAND MAR136
ccm@delmar-law.com
MIGNON M. DELASHMET DEL011
mmd@delmar-law.com
Attorneys for Defendant Walmart Inc.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone: (251) 433-1577
Facsimile: (251) 433-7994

CERTIFICATE OF SERVICE

I hereby certify that I have on this day June 11, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

C. Randall Caldwell, Jr.
Caldwell Wenzel & Asthana, PC
P.O. Box 2158
Foley, Alabama 36536
rcalwell@caldwellwenzel.com

/s/ W. Pemble DeLashmet
OF COUNSEL